**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6726**

_____

UNITED STATES OF AMERICA

        Plaintiff - Appellee,

v.

RICHARD ALLEN SMITH, JR., a/k/a Smitty

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:00−cr−00007−TSK−1)

_____

Argued:  May 6, 2025                                   Decided:  July 7, 2025

_____

Before WILKINSON, GREGORY, and BENJAMIN, Circuit Judges.

_____

Reversed and remanded with instructions by unpublished opinion. Judge Wilkinson wrote the opinion, in which Judge Gregory and Judge Benjamin joined.

_____

**ARGUED:**  Jenny R. Thoma, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Stephen Donald Warner, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.  **ON BRIEF:** Ryan M. Kantor, Hillary C. Rankin, Rakesh Beniwal, Brittney E. Wozniak, MORGAN LEWIS & BOCKIUS LLP, Pittsburgh, Pennsylvania, for Appellant.  William Ihlenfeld, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

WILKINSON, Circuit Judge:

Richard Allen Smith was convicted in 2001 of eight counts arising from his involvement in a West Virginia drug trafficking operation. After serving nearly 20 years of his 504-month sentence, Smith moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Smith argued that a sentence reduction was appropriate in view of his advanced age, poor health, rehabilitation efforts, and the disparity between his current sentence and the one he would receive for the same conduct if sentenced today. The district court denied Smith's motion. Because we hold that the district court erred in denying compassionate release under the circumstances presented here, we reverse and remand with instructions that Smith's motion be granted.

I.

Smith is a former coal miner who became involved in a crack cocaine distribution conspiracy in the mid-1990s. The conspiracy came to an end in early 2000 after a lengthy investigation involving controlled drug purchases by confidential informants and undercover law enforcement officers. Smith was arrested and indicted alongside 19 codefendants in the Northern District of West Virginia in a 47-count indictment.

In May 2001, a jury found Smith guilty of eight counts. He was convicted of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (Count 1) and distribution of crack cocaine in violation of §§ 841(a)(1) (Counts 40 and 41). The other five counts related to two incidents that occurred during the investigation. In January 2000, a confidential informant visited Smith's house to purchase cocaine from defendant Vincent Scott. While there, the informant saw

3

Scott hand Smith—who had a prior felony conviction for selling $60 of marijuana to his cousin—a handgun. A few months later, an undercover officer tried to purchase cocaine from defendant Ronald Whitley. Whitley mistook the undercover officer for someone who had previously robbed him, which resulted in Smith and Whitley pointing guns at the officer. Smith was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 5 and 44), aiding and abetting the brandishing of a firearm during and in relation to a drug trafficking crime in violation of §§ 924(c)(1)(A)(ii) and 2 (Count 39), brandishing a firearm during and in relation to a drug trafficking crime in violation of § 924(c)(1)(A)(ii), (c)(1)(C), and 2 (Count 46), and aiding and abetting the assault of a police officer in violation of §§ 111 and 2 (Count 45).

On March 20, 2002, Judge Frederick Stamp sentenced Smith to 646 months in prison. That figure reflected 262 months for the non-§ 924(c) drug convictions, 84 months for the first § 924(c) conviction, and 300 months for the second § 924(c) conviction. At the time of his sentencing, the guidelines range for Smith's drug convictions was 262 to 327 months given his offense level of 38. Because Smith was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), these guidelines were mandatory. The § 924(c) convictions, meanwhile, carried statutory minimums of 84 months for the first conviction and an additional, "stacked" 300 months for the second. Smith's total sentence thus represented the lowest end of the then-mandatory guidelines ranges and statutory minimums for each conviction category.

Smith's sentence was lowered twice. In 2007, the Sentencing Guidelines were amended to reduce the penalties for crack cocaine offenses. These changes were made

4

retroactive and lowered Smith's offense level to 36. Accordingly, Judge Stamp reduced Smith's sentence for the drug convictions from 262 to 240 months—the statutory minimum for crack cocaine convictions under 21 U.S.C. §§ 841 and 846. In 2010, the Fair Sentencing Act reduced this mandatory minimum from 240 to 120 months. After the First Step Act of 2018 applied the Fair Sentencing Act's reduction retroactively to convictions from before 2010, Judge Stamp again lowered Smith's sentence. Smith's total sentence became and remains 504 months.

Smith moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). To grant relief under this section, a district court must find that "extraordinary and compelling reasons warrant" a sentence reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). If these conditions are met, the court must consider whether "the factors set forth in section 3553(a)" support early release. *Id.*; *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). The § 3553(a) factors include, among other things, the need for the sentence to reflect the seriousness of the crime, deter criminal conduct, and protect the public from the defendant.

Smith initially filed for compassionate release *pro se* in January and April 2020. In July 2020, he filed a renewed motion with the assistance of counsel. Smith argued that his serious medical conditions, the risks posed by the ongoing COVID-19 pandemic, and his rehabilitative efforts weighed in favor of early release. He also pointed to the disparity between the mandatory minimums applicable to § 924(c) convictions at the time of his sentencing and those applicable after the First Step Act. The Act eliminated "stacking" of

multiple § 924(c) convictions in a single prosecution, meaning that the mandatory minimum for Smith's second § 924(c) conviction would be 84 months instead of 300 if he were sentenced today (an 18-year difference). Although Congress did not make this provision of the First Step Act retroactive, Smith argued that the district court should have considered it.

In November 2020, a magistrate judge recommended that Smith's renewed motion for compassionate release be granted. In October 2022, Judge Thomas Kleeh rejected the magistrate judge's recommendation and denied Smith's motion. Smith appealed, and in November 2023 this court vacated the denial and remanded the case for further proceedings. We held that the district court relied on factual misstatements about Smith's relevant drug conduct and prior marijuana conviction and "was required to provide a more robust explanation" for how it weighed Smith's rehabilitation efforts against the other factors. *United States v. Smith*, No. 22-7283, WL 7688370, at *2 (4th Cir. Nov. 15, 2023).

On remand, the district court again denied Smith's motion. The district court accepted the government's concession that there were "extraordinary and compelling reasons" to justify early release. J.A. 361. Moving to the § 3553(a) factors, the court concluded that "[r]eleasing Smith would not reflect the seriousness of the offense conduct, promote respect for the law, provide just punishment for the offense, or deter criminal conduct." J.A. 365. In reaching this conclusion, the district court noted Smith's prior state convictions for selling marijuana and domestic battery and stated that the estimated amount of crack cocaine used by Judge Stamp to calculate Smith's sentence "was low." J.A. 364. Finally, the district court declined to consider the non-retroactive amendments to § 924(c),

6

remarking that even if it *were* to consider the changes, "they would not overcome the []

finding that the § 3553(a) factors weigh against a sentence reduction." J.A. 366.

II.

We review a district court's decision to deny a motion for compassionate release for abuse of discretion. *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007). This standard leaves room for disagreement. As the reviewing court, we "may not substitute [our] own judgment for that of the district court" merely because we may have reached a different result in the first instance. *United States v. Centeno-Morales*, 90 F.4th 274, 280 (4th Cir. 2024).

District courts "wield broad discretion in deciding compassionate release motions." *United States v. Malone*, 57 F.4th 167, 177 (4th Cir. 2023). We do not, for example, require district courts to address every argument a defendant makes in analyzing the § 3553(a) factors. *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). But this discretion is not boundless. Under certain circumstances, a district court may abuse its discretion by failing to adequately explain how it weighed the § 3553(a) factors, *see id.* at 659–62, or "by failing to recognize that the relevant § 3553(a) factors clearly favor release," *Malone*, 57 F.4th at 177.

This is one such exceptional case. Like the district court, we accept that Smith demonstrated "extraordinary and compelling reasons" for release given that, were he

7

sentenced today, he would benefit from the First Step Act's anti-stacking provision. *See* J.A. 361–62; Response Br. at 15. We thus focus on the district court's consideration of the § 3553(a) factors.[*] Given the particular facts here, we find that the district court erred in denying Smith's motion for compassionate release.

Consider Smith's likelihood of recidivism. One of the § 3553(a) factors is "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). Here the likelihood that Smith would reoffend is exceedingly low in view of his advanced age and serious medical conditions. Smith was 66 years old at the time he filed his renewed motion for compassionate release. He is 71 years old today. *See United States v. Brown*, 78 F.4th 122, 133 (4th Cir. 2014) (noting that "Brown's release at over seventy years of age should further alleviate the district court's concern for the risk to public safety"). Moreover, Smith suffers from black lung disease, an irreversible respiratory impairment resulting from his years as a coal miner. Smith has also been diagnosed with COPD, emphysema, pre-diabetes, a liver cyst, and a heart rhythm disorder. He "is totally disabled and a portion of his right lung has been removed." J.A. 357.

Smith's conduct while in prison further cuts against a finding that he remains a danger to society. In twenty years of incarceration, Smith was disciplined only twice for what were relatively minor infractions. He completed dozens of vocational classes and participated in rehabilitative drug treatment. And as a result of his good behavior, Smith

---

[*] Because we reverse and remand on the strength of the § 3553(a) factors, we need not address Smith's additional argument that the district court erred by failing to consider whether his sentence was consistent with the relevant Sentencing Commission policy statement promulgated while his first appeal was pending.

was reclassified from a high-security to a low-security inmate. This is not the picture of an unremorseful defendant bent on causing future harm even if he was physically able.

The deterrence factor likewise weighs in favor of release. Section 3553(a)(2) calls for consideration of "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." Here the district court determined, without elaboration, that a reduced sentence would fail to "deter criminal conduct." J.A. 365. But this ignores that, by the time of his release, Smith will have already served nearly 25 years of his 42-year sentence. The prospect of 25 years of prison time serves as a powerful deterrent against the conduct—which was undoubtedly serious—for which Smith was convicted and sentenced.

Finally, the stark sentence disparity for Smith's § 924(c) convictions underscores the appropriateness of compassionate release. The district court was not prohibited as a matter of law from considering the amendments to § 924(c). And as Smith points out, several of the § 3553(a) factors contemplate the consideration of sentencing disparities. *See* Opening Br. at 44. These include consideration of "the kinds of sentence[s] and the sentencing range . . . set forth in the guidelines" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §§ 3553(a)(4), (6). There is no question that Smith's sentence is an outlier in light of the repeal of § 924(c)'s stacking provision—he faced a mandatory minimum sentence 18 years longer than it would be for a defendant in similar circumstances sentenced today. And while not necessarily the comparator for purposes of § 3553(a)(6), we note that most of Smith's codefendants were released long ago. *See* Opening Br. at 8.

9

III.

In concluding that the district court erred, we neither minimize the seriousness of Smith's crimes nor question the deference ordinarily owed to district court rulings on motions for sentence reductions. We hold only that Smith's situation is the unusual one where the multiplicity of factors combine to make the case for compassionate release. We accordingly reverse and remand with instructions that Smith's motion for compassionate release be granted.

*REVERSED AND REMANDED WITH INSTRUCTIONS*